**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NAVDEEP SINGH SIDHU,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 07-72047<br><br>Agency No. A095-600-181<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2010[**]

Before:    O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

Navdeep Singh Sidhu, native and citizen of India, petitions for review of a

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based upon the IJ's finding that Sidhu's demeanor was not credible, *see Singh-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir. 1999), and upon the IJ's finding that he failed to establish his identity, given the discrepancies in his testimony and his admissions that he gave Canadian authorities misleading information regarding his name and birthdate, *see Farah*, 348 F.3d at 1156.

Because Sidhu failed to satisfy the lower burden for asylum, he has also failed to establish his eligibility for withholding of removal. *See Farah*, 348 F.3d at 1156.

Because Sidhu's CAT claim is based on the testimony the agency found not credible, and he points to no evidence showing it is more likely than not he will be tortured in India, his CAT claim also fails. *See id.* at 1156-57.

Finally, Sidhu's contention that the IJ lacked authority to hold a second hearing lacks merit. Not only do the regulations permit the IJ to hold a hearing, *see* 8 C.F.R. § 1003.10(b), the record shows Sidhu agreed to a second hearing.

**PETITION FOR REVIEW DENIED.**

07-72047